UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DOUGLAS LANIER                                                            PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:06-CV-602-S

KENTUCKY COMMISSION ON HUMAN RIGHTS                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon the motion of the plaintiff, Douglas Lanier ("Lanier"), to alter or amend this court's August 20, 2007 judgment dismissing his claims against the defendant, Kentucky Commission on Human Rights (the "Commission"). For the reasons stated herein, Lanier's motion will be denied.

Lanier again asserts that he was not provided with the opportunity to conduct discovery prior to the court's consideration of the Commission's motion for summary judgment. Once again, the court notes that it is up to the party opposing a motion for summary judgment to take advantage of Fed. R. Civ. P. 56(f). *See Jefferson v. Chattanooga Pub. Co.*, 375 F.3d 461, 463 (6th Cir. 2004) Even in his motion to alter or amend, Lanier has failed to provide any explanation as to why he believes he was precluded from taking the type of discovery he believed necessary to rebut the Commission's motion for summary judgment. The court did not act prematurely in considering the merits of the Commission's motion for summary judgment.

Lanier also asserts that the court erred in stating that "Lanier does not dispute that he threatened his co-worker." Lanier asserts that he *does* dispute that he threatened a co-worker.

- 2 -

Lanier argues that the court must reverse its decision dismissing his Title VII race discrimination claim based on this factual error alone. The court disagrees.

In our August 20, 2007 memorandum opinion, we noted that Lanier is unable to establish a *prima facie* case of discrimination. A plaintiff establishes a *prima facie* case of discrimination by showing that he: (1) belongs to a protected class; (2) suffered an adverse employment action; (3) was qualified for the position; and (4) was treated differently from similarly situated members of the unprotected class. *See Warfield v. Lebanon Corr. Inst.*, 181 F.3d 723, 728-29 (6th Cir. 1999). We also noted that Lanier has failed to even allege that any comparable white employee was treated differently after engaging in the same or similar workplace misconduct. In his motion to alter or amend, Lanier again does not even make so much as an allegation to this effect. The court's determination that "Lanier does not dispute that he threatened his co-worker" has no effect on the conclusion that Lanier has failed to establish a *prima facie* case and such conclusion is sufficient to warrant dismissal of his Title VII race discrimination claim.

Moreover, even if the court were to assume that Lanier can establish a *prima facie* case, it is incumbent upon Lanier to show that the Commission's legitimate, non-discriminatory reason for his suspension, the workplace violence in which he was involved, was pretext for discrimination. Lanier "must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chemicals*, 29 F.3d 1078, 1083 (6th Cir. 1994). For Lanier to discredit the Commission's non-discriminatory reason, he must "show by a preponderance of the evidence either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate [the Commission's decision]...or (3) that they were *insufficient* to motivate [the Commission's decision]...." *Id.* at 1084 (quotation omitted).

- 3 -

We noted in our August 20, 2007 memorandum opinion that Lanier made none of the three showings. The court's determination that "Lanier does not dispute that he threatened his co-worker" was only relevant to the court's conclusion that Lanier failed to make the first showing. However, even assuming that Lanier *does* dispute that he threatened his co-worker, Lanier has still failed to produce evidence sufficient to show by a preponderance that this reason has no basis in fact. "[A]s long as an employer has an honest belief in its proffered nondiscriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect." *Scott v. FirstMerit* Corp., 167 Fed.Appx. 480, 484 (6th Cir. 2006) (quoting *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001)). Lanier has offered no evidence that the Commission's executive director was not convinced after investigating the incident that Lanier had threatened his co-worker. Accordingly, even if the court were to assume that Lanier can establish a *prima facie* case, Lanier has failed to show by a preponderance of the evidence that the Commission's legitimate, non-discriminatory reason for the suspension was pretext.

Lanier also asserts that the court failed to consider the affidavits submitted in support of his claims and failed to construe his Title VII discrimination claim liberally. These assertions are without merit.

For these reasons and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Lanier's motion to alter or amend this court's August 20, 2007 judgment is **DENIED**.

**IT IS SO ORDERED** this